1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>RONALD SCOTT ROSOL,<br><br>                                    Defendant. | CASE NO. 12CR1019WQH<br>CASE NO. 13CV751WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  (ECF No. 41).  Defendant moves the court to vacate his conviction and to reduce his sentence on the grounds that mitigating factors warrant a downward departure.  Defendant asserts that home confinement and supervised release with conditions would be sufficient punishment based upon the totality of circumstances in his case.  The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached

1    exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

2    Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.

3    When this standard is satisfied, neither a hearing nor a response from the government is

4    required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

5                                    **RULING OF THE COURT**

6           In this case, the record conclusively shows that the Defendant has waived his right to

7    bring a § 2255 motion.  In the Plea Agreement, the Defendant agreed as follows:

8           In exchange for the Government's concessions in this plea agreement, defendant
            waives, to the full extent of the law, any right to appeal or to collaterally attack
9           the conviction and sentence, ... unless the Court imposes a custodial sentence
            above the greater of the high end of the guideline range recommended by the
10          Government pursuant to this agreement at the time of sentencing or statutory
            mandatory minimum term, if applicable.  If the custodial sentence is greater than
11          the high end of that range, the defendant may appeal, but the Government will
            be free to support on appeal the sentence actually imposed.   If defendant
12          believes the Government's recommendation is not in accord with this agreement,
            defendant will object at the time of sentencing; otherwise the objection will be
13          deemed waived.

14   (ECF No. 16 at 10).  This waiver is clear, express and unequivocal.  Plea agreements are

15   contractual in nature, and their plain language will generally be enforced if the agreement is

16   clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir.

17   2005).

18          In this case, the Government recommended an adjusted offense level of 23 pursuant to

19   the plea agreement and a resulting guideline range of 46-57 months.  (ECF No. 31). The Court

20   imposed a sentence of 30 months.  (ECF No. 37 at 2).  The sentence imposed was not "greater

21   of the high end of the guideline range recommended by the Government pursuant to this

22   agreement at the time of sentencing." (ECF No. 16 at 10).  Pursuant to the terms of the plea

23   agreement, the Defendant waived his right to collaterally attack the sentence imposed.

24          IT IS HEREBY ORDERED that the motion for time reduction by an inmate in federal

25   custody under 28 U.S.C. § 2255 (ECF No. 41) filed by the Defendant is denied.

26   DATED:  April 9, 2013

27                                         *William Q. Hayes*

28                                         **WILLIAM Q. HAYES**
                                           United States District Judge